JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
COREY MARTIN

**DEFENDANTS**
RONAK FOODS LLC D/B/A PIZZA HUT, ET AL.

**(b)** County of Residence of First Listed Plaintiff   LANCASTER
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
      Plaintiff

☒ 3  Federal Question
      *(U.S. Government Not a Party)*

☐ 2  U.S. Government
      Defendant

☐ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                 *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original
      Proceeding

☐ 2 Removed from
      State Court

☐ 3 Remanded from
      Appellate Court

☒ 4 Reinstated or
      Reopened

☐ 5 Transferred from
      Another District
      *(specify)*

☐ 6 Multidistrict
      Litigation -
      Transfer

☐ 8 Multidistrict
      Litigation -
      Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 216(b)
Brief description of cause:
FLSA VIOLATIONS

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION
   UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE   JOHN M. YOUNGE   DOCKET NUMBER   19-CV-2625

DATE   3-2-2020

SIGNATURE OF ATTORNEY OF RECORD

MAR - 3 2020

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 188 North Reamstown Road, Denver, PA 17517

Address of Defendant: 210 East Street Road Suite 3B, Feasterville, PA 19053

Place of Accident, Incident or Transaction: Feasterville, PA

---

**RELATED CASE, IF ANY:**

Case Number: 5:19-cv-2625    Judge: John M. Younge    Date Terminated: 10/8/2019

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☑   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3-2-2020    _Charles J. Kocher_    93141
Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

---

**CIVIL: (Place a √ in one category only)**

**A.    Federal Question Cases:**

1. ☐ Indemnity Contract, Marine Contract, and All
2. ☐ FELA
3. ☑ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☑ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   *(Please specify):*

THIS CASE IS RELATED TO: 5:19CV 2625

CIVIL ACTION NO. 5:20cv1261
CRIMINAL NO.

ASSIGNED TO: Judge Younge

---

*(The effect ...)*

I, Charles J. Kocher, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that, to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 3-2-2020    _Charles J. Kocher_    93141
Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

MAR - 3 2020

*JMY*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<u>CASE MANAGEMENT TRACK DESIGNATION FORM</u>

**20    1261**

| | | |
|---|---|---|
| COREY MARTIN | : | CIVIL ACTION |
| v. | : | |
| RONAK FOODS LLC, ET AL. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)          (x)

(f) Standard Management – Cases that do not fall into any one of the other tracks.        ( )

| | | |
|---|---|---|
| 3 - 2 - 2 0 2 0 | *Charles J Kocher* | COREY MARTIN |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-575-3985 | 215-754-4443 | ckocher@smbb.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**MAR - 3 2020**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY MARTIN, individually and on behalf of similarly situated persons, | Case No. |
| Plaintiff, | |
| v. | Jury Trial Demanded |
| RONAK FOODS LLC D/B/A PIZZA HUT, JIGNESH PANDYA, and KRUPA PATEL, individually, | |
| Defendants. | |

## CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT OF 1938 AND PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW AND UNJUST ENRICHMENT/*QUANTUM MERUIT*

Plaintiff Corey Martin ("Plaintiff"), individually and on behalf of all other similarly situated delivery drivers, brings this Class Action Complaint against Defendants Ronak Foods LLC d/b/a Pizza Hut, Jignesh Pandya, and Krupa Patel and hereby alleges as follows:

1.  Defendants operate numerous Pizza Hut Pizza franchise stores. Defendants employ delivery drivers who use their own automobiles to deliver pizza and other food items to their customers. However, instead of reimbursing delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendants use a flawed method to determine reimbursement rates that provides such an unreasonably low rate beneath any reasonable approximation of the expenses they incur that the drivers' unreimbursed expenses cause their wages to fall below the federal minimum wage during some or all workweeks.

2.  Plaintiff brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, a class action under Pennsylvania Annotated Statutes §260.1, *et seq.*, and common law to recover unpaid minimum wages and overtime hours owed to himself and similarly situated delivery drivers employed by Defendants at their Pizza Hut stores.

## Jurisdiction and Venue

3.      The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

4.      Venue in this District is proper under 28 U.S.C. § 1391 because Plaintiff resides in this District, Defendants employed Plaintiff in this District, Defendants operates Pizza Hut franchise stores in this District, and a substantial part of the events giving rise to the claim herein occurred in this District.

## Parties

5.      Defendant, Ronak Foods LLC, is a Pennsylvania Limited Liability Company maintaining its principal place of business in this District and may be served at 210 East Street Road Suite 3B, Feasterville, PA 19053 or wherever found.

6.      Defendant, Jignesh Pandya, is individually liable because, during the relevant times, he or she was an owner of substantial interests in Defendant Ronak Foods LLC, served as officer of the entity, and held managerial responsibilities and substantial control over terms and conditions of drivers' work as he or she held the power to hire and fire, supervised and controlled work schedules and/or conditions of employment, determined rates and methods of pay and/or expense reimbursements, and maintained employment records and/or held control over employment records. Defendant may be served at 210 East Street Road Suite 3B, Feasterville, PA 19053, or wherever he or she may be found.

7.      Defendant, Krupa Patel, is individually liable because, during the relevant times, he or she was an owner of substantial interests in Defendant Ronak Foods LLC, served as officer of the entity, and held managerial responsibilities and substantial control over terms and

conditions of drivers' work as he or she held the power to hire and fire, supervised and controlled work schedules and/or conditions of employment, determined rates and methods of pay and/or expense reimbursements, and maintained employment records and/or held control over employment records. Defendant may be served at 210 East Street Road Suite 3B, Feasterville, PA 19053, or wherever he or she may be found.

8.      Plaintiff was employed by Defendants from 2013 to 2017 as a delivery driver at Defendants' Pizza Hut stores located in Feasterville, Pennsylvania and within this District. Plaintiff's consent to pursue this claim under the FLSA is attached to this Original Complaint as "**Exhibit 1**."

### General Allegations

### *Defendants' Business*

9.      Defendants own and operate numerous Pizza Hut franchise stores including stores within this District and this Division.

10.     Jignesh Pandya and Krupa Patel are the directors of corporate Defendant Ronak Foods LLC d/b/a Pizza Hut.

11.     In this capacity, Jignesh Pandya and Krupa Patel put the pay scheme at issue in place, have overseen and enforced Defendants' pay practices, and are, therefore, individually liable for the violations at issue.

12.     Defendants' Pizza Hut stores employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

### *Defendants' Flawed Automobile Reimbursement Policy*

13.     Defendants require their delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

3

14.     Defendants' delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizza and other food items for the primary benefit of Defendants.

15.     Defendants' delivery driver reimbursement policy reimburses drivers on a per-delivery basis, but the per-delivery reimbursement equates to below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendants' delivery drivers.

16.     The result of Defendants' delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of their drivers' automobile expenses.

17.     During the applicable FLSA limitations period, the IRS business mileage reimbursement rate ranged between $.535 and $.575 per mile. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the AAA, have determined that the average cost of owning and operating a vehicle ranged between $.571 and $.608 per mile during the same period for drivers who drive 15,000 miles per year. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

18.     However, the driving conditions associated with the pizza delivery business cause even more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendants' delivery drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time

4

pressures.

19.     Defendants' reimbursement policy does not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicle, and thus Defendants uniformly fail to reimburse their delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendants' benefit.

20.     Defendants' systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendants such that the hourly wages it pays to Plaintiff and Defendants' other delivery drivers are not paid free and clear of all outstanding obligations to Defendants.

21.     Defendants fail to reasonably approximate the amount of their drivers' automobile expenses to such an extent that their drivers' net wages are diminished beneath the federal minimum wage requirements.

22.     In sum, Defendants' reimbursement policy and methodology fail to reflect the realities of delivery drivers' automobile expenses.

### Defendants' Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations

23.     Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendants' reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal minimum wage.

24.     Plaintiff was paid $7.25 per hour during his employment with Defendants, including a tip credit applicable to the time he performed deliveries.

25.     The federal minimum wage has been $7.25 per hour since July 24, 2009.

26.     During the time Plaintiff worked for Defendants as a delivery driver, he was

reimbursed just $1.00 per delivery plus tips and on average drove 4-6 miles per delivery. This means plaintiff was getting paid between $.167 and $.25 (divided by 6 and 4 miles, respectively).

27.     During the relevant time period, the IRS business mileage reimbursement rate ranged between $.56 and $.535 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates. Using the lowest IRS rate and the highest rate per mile plaintiff was making per mile driven ($.25 per mile) in effect during that period as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreased his net wages by at least $.285 ($.535 - $.25) per mile.

28.     During his employment by Defendants, Plaintiff regularly made 3 or more deliveries per hour. Thus using even a conservative under-estimate of Plaintiff's actual expenses and damages, every hour on the job decreased Plaintiff's net wages by at least $.855 ($.285 x 3 deliveries).

29.     All of Defendants' delivery drivers had similar experiences to those of Plaintiff. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

30.     Because Defendants paid their drivers a gross hourly wage at precisely, or at least very close to, the federal minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendants an amount sufficient to cause minimum wage violations.

31.     While the amount of Defendants' actual reimbursements per delivery may vary

6

over time, Defendants are relying on the same flawed policy and methodology with respect to all delivery drivers at all of their other Pizza Hut stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

32.     Defendants' low reimbursement rates were a frequent complaint of Defendants' delivery drivers, which resulted in discussions with management, yet Defendants continued to reimburse at a rate much less than any reasonable approximation of delivery drivers' automobile expenses.

33.     The net effect of Defendants' flawed reimbursement policy is that Defendants have willfully failed to pay the federal minimum wage to their delivery drivers. Defendants thereby enjoy ill-gained profits at the expense of their employees.

### Class and Collective Action Allegations

34.     Plaintiff brings this FLSA claim as an "opt-in" collective action on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. § 216(b).

35.     The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

36.     Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential class members may be notified of the pendency of this action via mail and electronic means.

37.     Plaintiff and all of Defendants' delivery drivers are similarly situated in that:

7

a.  They have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers;

b.  They have delivered pizza and food items using automobiles not owned or maintained by Defendants;

c.  Defendants required them to maintain these automobiles in a safe, legally-operable, and insured condition;

d.  They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;

e.  They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f.  They were subject to the same pay policies and practices of Defendants;

g.  They were subject to the same delivery driver reimbursement policy that under- estimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

h.  They were reimbursed similar set amounts of automobile expenses per delivery; and,

i.  They were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

38.  Plaintiff brings Count II and Count III as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and as the Class Representatives of the following persons (the "Class"):

> All current and former delivery drivers employed by Defendants
> since the date four years preceding the filing of this Complaint.

39.  The state law claims, if certified for class-wide treatment, are brought on behalf of

all similarly situated persons who do not opt-out of the Class.

40.     The Class satisfies the numerosity standard as it consists of hundreds of persons who are geographically dispersed and, therefore, joinder of all Class members in a single action is impracticable.

41.     Questions of fact and law common to the Class predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendants' actions include, without limitation:

    a.     Whether Defendants failed to pay Class members the minimum wage required by Pennsylvania law,

    b.     Whether Defendants failed to reasonably reimburse Class members for using their own vehicles to deliver Defendants' pizzas and other food items,

    c.     Whether Defendants' formula and / or methodology used to calculate the payment of reimbursement for vehicle expenses resulted in unreasonable under-reimbursement of the Class members, and

    d.     Whether Defendants failed to keep accurate records of deductions from Class members' wages in violation of Federal and Pennsylvania law.

42.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

43.     Plaintiff's claim is typical of those of the Class in that:

    a.     Plaintiff and the Class have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers;

9

b.    Plaintiff and the Class delivered pizza and food items using automobiles not owned or maintained by Defendants;

c.    Defendants required Plaintiff and the Class to maintain these automobiles in a safe, legally-operable, and insured condition;

d.    Plaintiff and the Class incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;

e.    Plaintiff and the Class were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f.    Plaintiff and the Class were subject to the same pay policies and practices of Defendants;

g.    Plaintiff and the Class were subject to the same delivery driver reimbursement policy that underestimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

h.    Plaintiff and the Class were reimbursed similar set amounts of automobile expenses per delivery; and

i.    Plaintiff and the Class were paid at or near the Federal minimum wage before deducting unreimbursed business expenses.

44.    A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants has acted or refused to act on grounds generally applicable to the Class.

45.    Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interest of the members of the Class he seeks to

10

represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

46.     Maintenance of this action as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this Court due to the relatively small recoveries per member of the Class, and there are no material difficulties impairing the management of a class action.

47.     It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

### Count I: Violation of the Fair Labor Standards Act of 1938

48.     Plaintiff reasserts and re-alleges the allegations set forth above.

49.     The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

50.     Defendants are subject to the FLSA's minimum wage requirements because it is an enterprise engaged in interstate commerce, and their employees are engaged in commerce.

51.     At all relevant times herein, Plaintiff and all other similarly situated delivery drivers

11

have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

52.     Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

53.     Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

54.     As alleged herein, Defendants have reimbursed delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

55.     Defendants knew or should have known that their pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

56.     Defendants, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

57.     Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in Defendants' stores.

58.     Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether

their conduct was unlawful.

59.     Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants is not liable for liquidated damages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

60.     As a result of the aforesaid willful violations of the FLSA's minimum Wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post- judgment interest, reasonable attorneys' fees, and costs of this action.

### Count II: Violations of the Pennsylvania Wage Payment and Collection Law

61.     Plaintiff reasserts and re-alleges the allegations set forth above.

62.     At all relevant times, Defendants have been and continue to be an "employer" within the meaning of the Pennsylvania Annotated Statute §260.2.

63.     At all relevant times, Defendants have employed, and continues to employ, "employees", including Plaintiff, within the meaning of the Pennsylvania Annotated Statutes §260.2.

64.     Plaintiff was an employee of Defendants within the meaning of the Pennsylvania Annotated Statutes §260.1, *et seq.*

65.     Pursuant to the Pennsylvania Annotated Statutes §260.2 *et seq*, the Defendants were required to pay Plaintiff and the Putative Plaintiffs all wages, when due, for all hours of work

at hourly rates which exceeded the minimum wage rate under the FLSA on their regular pay date.

66.     Defendants were required to provide employees with advanced notice for wage deductions permissible by and in compliance with the Pennsylvania Annotated Statutes §260.1, *et seq*.

67.     Defendants failed to pay Plaintiff and the Putative Plaintiffs' reimbursements for travel expenses under the Pennsylvania Annotated Statutes §260.1, *et seq*, and thus failed to comply with this statute and its accompanying administrative code.

68.     The foregoing conduct, as alleged, constitutes willful violations of the Pennsylvania Annotated Statutes §260.1, *et seq*.

69.     As set forth above, the Plaintiff and the Putative Plaintiffs have sustained losses and lost compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff on behalf of themselves and the Putative Plaintiffs, seek damages in the amount of their unpaid earned compensation, liquidated damages, plus interest at the legal rate set forth in Pennsylvania Annotated Statutes §260.1, *et seq*.

70.     As a result of the foregoing conduct, as alleged, Defendants have failed to pay wages due under the Pennsylvania Annotated Statutes §260.1, *et seq*. and the FLSA.

71.     Plaintiff, on behalf of themselves and the Putative Plaintiffs, seek recovery of their attorneys' fees as provided by the Pennsylvania Annotated Statutes §260.9, *et seq*.

### Count III: Unjust Enrichment/*Quantum Meruit*

72.     Plaintiff reasserts and re-alleges the allegations set forth above.

73.     Plaintiff conferred a benefit upon Defendants by working on their behalf without compensation.

74.     Defendants had an appreciation or knowledge of the benefit conferred by

14

Plaintiff.

75.     Defendants accepted and retained the benefit under such circumstances as to make it inequitable for Defendants to retain the benefit without payment of its value.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class demand judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated damages, (3) costs of litigation and attorney's fees as provided by law; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Demand for Jury Trial

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Respectfully submitted,

Dated: June 14, 2019          By:     /s/ Charles J. Kocher
                                      Charles J. Kocher (PA #93141)
                                      Patrick Howard (PA #88572)
                                      **SALTZ MONGELUZZI BARRETT
                                      & BENDESKY, P.C.**
                                      120 Gibraltar Road, Suite 218
                                      Horsham, PA 19044
                                      Tel:  (215) 496-8282
                                      Fax:  (215) 754-4443
                                      Email: ckocher@smbb.com

                                      Matthew Haynie*, Texas Bar No. 24087692
                                      Jay Forester*, Texas Bar No. 24087532
                                      **FORESTER HAYNIE PLLC**
                                      1701 N. Market Street, Suite 210
                                      Dallas, Texas 75202
                                      (214) 210-2100 phone
                                      (214) 346-5909 fax
                                      Email: matthew@foresterhaynie.com
                                      jay@foresterhaynie.com

                                      J. Gerard Stranch, IV* (TN BPR#023045)
                                      Joe P. Leniski, Jr.* (TN BPR#022891)
                                      **BRANSTETTER, STRANCH &**

**JENNINGS, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
Email:  gerards@bsjfirm.com
          joeyl@bsjfirm.com

*pro hac vice* forthcoming

# EXHIBIT 1

Document ID: dfc41ca632be530bbc7fb1d475132061fe31f03c        Generated on: June 4, 2018

## NOTICE OF CONSENT TO BE A PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U.S.C. 216(b)

I consent to be a party plaintiff in the case in which this consent is filed.  By joining this lawsuit, I designate the named plaintiff(s) in the case in which this consent is filed and his/her attorneys (and other persons those individuals designate as necessary) as my representatives to make all decisions on my behalf, to the extent permitted by law, concerning the method and manner of conducting the case including settlement, the entering of an agreement with Plaintiff's counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to this lawsuit.  I further acknowledge that I intend for this consent to be filed in order to recover any unpaid wages owed to me by my current/former employer whether this consent is filed in this action or in any private cause of action that may be filed on my behalf for such recovery at a later time.  For purposes of pursuing my unpaid wage claims I choose to be represented by Forester Haynie PLLC and other attorneys with whom they may associate.

**AGREED and APPROVED:**

2676327036

Signed By Corey Christopher Martin
Signed On:June 4, 2018

