IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **COREY MARTIN**, | : | |
| *individually and on behalf of* | : | **CIVIL ACTION** |
| *similarly situated persons,* | : | |
| **Plaintiff,** | : | **NO. 20-1261** |
| v. | : | |
| | : | |
| **RONAK FOODS LLC, *et al.,*** | | |
| **Defendants**. | | |

## ORDER

**AND NOW**, this 16th day of September, 2022, upon review of Plaintiff's Counsel's letter brief emailed to this Court (ECF No. 18), in which Plaintiff's Counsel represented that Plaintiff Corey Martin passed away unexpectedly on May 13, 2022 and that Plaintiff's legal next-of-kin agreed to dismiss the claims of Plaintiff against Defendants, it is hereby **ORDERED** that the above-captioned case is **DISMISSED WITHOUT PREJUDICE**.[1]  The Clerk of Court shall mark this matter **CLOSED**.

**IT IS SO ORDERED.**

BY THE COURT:

*/s/ John Milton Younge*
**JUDGE JOHN MILTON YOUNGE**

---

[1] Federal Rule of Civil Procedure 41(a)(2) notes, in relevant part, that: "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper…Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2).  The Third Circuit has further instructed that Rule 41(a)(2) gives the district court a "'broad grant of discretion' to shape the 'proper' terms of dismissal." *Polansky v. Exec. Health Res. Inc*, 17 F.4th 376, 393 (3d Cir. 2021), *cert. granted sub nom. United States ex rel. Polansky v. Exec. Health Res., Inc.*, 142 S. Ct. 2834 (2022) (quoting *Carroll v. E One Inc*, 893 F.3d 139, 146 (3d Cir. 2018)).  Upon consideration of Plaintiff's Counsel's letter brief detailing the passing of Plaintiff Corey Martin and Plaintiff's legal next-of-kin's desire to dismiss the claims in the above-captioned case, along with Defendants' failure to respond or to actively participate in these proceedings to date, this Court determines that voluntary dismissal is proper. Additionally, in accord with Rule 41(a)(2)'s presumption and guidance, the dismissal of the above-captioned case is without prejudice.